Russell Estate.

Argued October 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument reversed December 30, 1968.

*W. Louis Coppersmith,* with him *Margolis & Coppersmith,* for appellant.

*Edward F. Peduzzi,* with him *Myers, Taylor & Peduzzi,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1968:

This is an appeal from the final decree of the Orphans' Court of Cambria County. The decedent, Wil-

liam Jeffrey Russell, was seven years of age when, on June 11, 1965, he was fatally injured by an automobile. His father, Wayne F. Russell, applied for and was granted letters of administration.

The sole issue presented by this appeal is whether decedent's grandparents, Paul E. Alwine and Clarice M. Alwine, the appellees here, or the administrator of his estate, Wayne F. Russell, appellant here, is entitled to a $2,000.00 benefit under a "Nationwide Century Auto Policy". The policy in question had been secured and kept in force by payment of premiums by the grandparents, who had provided a home and cared for decedent without any aid from decedent's parents. The "Family Compensation" provision of the policy set forth the obligation of the company under that provision as follows: "FAMILY COMPENSATION. (applicable to the Policyholder and relatives resident in his household and occupants of the insured vehicle)

"(1) To pay, in accordance with the Schedule below, to or for the benefit of the Policyholder, and while residents of the same household, his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death: . . .

"(b) by being struck by a land motor vehicle . . ."

The Schedule provided for benefits for the death of persons who had not reached their eighteenth birthday at the time of the accident, in the amount of $2,000.00, *"payable to a duly appointed legal representative."*

Both the grandparents and the administrator claimed the proceeds of the policy. The court below decreed that since the insurance policy constituted a contract between the grandparents and the insurance company, and since the grandparents paid the premiums for the policy and kept it in force, they were entitled to the $2,000 death benefit.

We disagree. The insurance contract at issue admits of only one interpretation. The death benefits are

payable to "a duly appointed legal representative." Appellant is that person. It is totally irrelevant that decedent lived with appellees, who paid for his support. It is totally irrelevant that appellees secured the policy and paid the premiums on it. That policy provided that death benefits go to the legal representative, i.e., the estate, of the decedent. If appellees had given decedent a gift of $2,000 during his lifetime, the fact that they had supported him, or the fact that they had donated the money to him, would not entitle them to receive it after his death. It would pass through his estate, just as it must here, where the contract with the insurance company so provides.

The case relied upon by appellee, *Beall Estate*, 384 Pa. 14, 119 A. 2d 216 (1956), is totally inapposite, being concerned not with where policy proceeds go, but with whether they are subject to claims of creditors under the National Service Life Insurance Act.

The decree is reversed, and the case is remanded. Costs on the estate.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.